**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 3:17-cr-00084** |
| | ) | **Judge Trauger** |
| **ROBERT PATRICK RILEY** | ) | |

## MEMORANDUM AND ORDER

Before the court is defendant Robert Patrick Riley's Motion to Dismiss Indictment (Doc. No. 59) on the basis that he has been denied the right to a speedy trial, as protected by both the Speedy Trial Act, 18 U.S.C.§ 3161, and the Sixth Amendment to the United States Constitution. That motion has been fully briefed. Also pending is the defendant's Motion for Evidentiary Hearing (Doc. No. 60) on the Motion to Dismiss, as well as several *pro se* motions filed by the defendant, both when he was represented by counsel and after he was allowed to proceed without representation: three Motions to Dismiss Indictment (Doc. Nos. 31, 40, 77), also on Speedy Trial Act and constitutional grounds; a Motion for Independent Mental Examination (Doc. No. 41); and Motion to Squash [sic] Motion for Independent Mental Examination (Doc. No. 57).

As set forth herein, the court finds that an evidentiary hearing is not required and will, therefore, deny the motion for such. (Doc. No. 60.) Finding no violation of the right to a speedy trial under either the Sixth Amendment or the Speedy Trial Act, the Motions to Dismiss filed by counsel for the defendant and by the defendant *pro se* (Doc. Nos. 31, 40, 59, 77) will be denied. The defendant's *pro se* Motion to Squash (Doc. No. 57) will be granted, and the Motion for Independent Mental Examination (Doc. No. 41) will be withdrawn in accordance with the defendant's request.

## I.      Background

A Criminal Complaint charging Riley with a single count of bank robbery in violation of 18 U.S.C. § 2113(a) was filed on May 3, 2017, and an arrest warrant was issued the same day. (Doc. Nos. 1, 2.) As stipulated by the parties and substantiated by the docket in this case, Riley was arrested on the warrant and entered an initial appearance on May 9, 2017. (Doc. Nos. 4, 5.) On May 12, 2017, the government's detention motion was granted. (Doc. Nos. 3, 11.) The Indictment was filed on May 17, 2017. (Doc. Nos. 13 (Indictment), 14 (Sealed Indictment).) Riley was arraigned and pleaded not guilty on May 19, 2017. (Doc. No. 15.) An Order setting trial for July 25, 2017 was entered on May 23, 2017. (Doc. No. 16.)

On May 25, 2017, the defendant, through counsel, filed a sealed Motion for a Competency Examination. (Doc. No. 18.) By sealed Order, the court granted that motion on June 1, 2017. (Doc. No. 21.) The court specifically ordered that Riley be committed to a facility of the United States Bureau of Prisons ("BOP") for the purpose of determining the defendant's competency to commit the crime with which he is charged and his competency to stand trial, "for a period not to exceed thirty (30) days, unless extended by further order of the court in accordance with 18 U.S.C. § 4247(b)."[1] (*Id.*) In the same Order, the court directed the United States Marshals Service to "transport the defendant to the institution designated by the [BOP] as soon as reasonably practicable." (*Id.*)

According to the joint Stipulation filed by the parties at the court's request, on June 8, 2017, the BOP designated FDC Miami as the institution to which Riley would be sent for the competency evaluation. (Doc. No. 67, at 2.)

---

[1] The commitment should have been for forty-five days, not thirty, because the defendant's sanity at the time of the offense was also to be determined. This was the court's error.

On July 17, 2017, counsel for Riley filed his first Motion to Continue Trial (Doc. No. 22), in which he explained that the defendant had been incarcerated at FTC Oklahoma City since the entry of the Order committing the defendant to the custody of the BOP. (Doc. No. 22, at 1.) During that period, however, counsel had not had any contact with his client and had not obtained a waiver of his speedy trial rights. Counsel represented that he would make an effort to obtain the defendant's executed waiver of speedy trial rights and file it with the court once he did so. (*Id.* at 1–2.) The court granted the motion on July 20, 2017, "conditioned upon the timely filing of a waiver of speedy trial" (Doc. No. 23), and entered an Order the same day resetting the trial date for September 12, 2017 (Doc. No. 24). However, no speedy trial waiver was ever filed.

On August 14, 2017, seventy-four days after the court entered the Order granting the Motion for a Competency Evaluation and directing that the defendant be transported to a facility designated by the BOP, Riley arrived at FDC Miami. (Doc. No. 67, at 2.)

On September 7, 2017, counsel for Riley filed his Second Motion to Continue Jury Trial, stating that he had not been in touch with his client since he was turned over to the custody of the BOP on June 1, 2017 and that he had mailed a speedy trial waiver to Riley, but Riley had not returned it. (Doc. No. 25, at 1.) Counsel again represented that he would attempt to communicate with his client by U.S. Mail, obtain a speedy trial waiver, and promptly file it with the court. (*Id.* at 1–2.) The court granted this motion on the same day, noting only that the trial date would be reset by subsequent order. (Doc. No. 26.) No speedy trial waiver followed the entry of the Order granting the Second Motion to Continue either.

According to the government, the defendant refused to cooperate with the attempts to evaluate him until October 19, 2017. (*See* Doc. No. 67, at 2 ("Examiners state cooperation began").) In various *pro se* filings, the defendant disputes that statement. (*See, e.g.*, Doc. No. 45,

at 3.)

On December 7, 2017, Riley filed his first *pro se* Motion to Dismiss Indictment, arguing that his rights under the Speedy Trial Act had been violated and that the Indictment should be dismissed with prejudice. (Doc. No. 31.) He also filed a motion seeking the appointment of new counsel (Doc. No. 32), which the court denied (Doc. No. 34).

The court finally received the Forensic Evaluation of the defendant, dated December 6, 2017, around December 19, 2017. (Doc. No. 36.) Based on the Evaluation, the court entered an Order on December 19, finding the defendant competent to stand trial and resetting trial for February 13, 2018. (Doc. No. 37.) Riley was returned to the custody of the United States Marshals Service on December 21, 2017. (Doc. No. 67, at 2.)

He filed a second *pro se* Motion to Dismiss Indictment on January 10, 2018. (Doc. No. 40.) The court conducted a status conference with the defendant present on February 1, 2018. At that time, the defendant affirmed that he wished to keep Bob Lynch, Jr. as his attorney. In order to allow the defendant time to file certain motions prior to trial, Riley agreed to continue the trial to March 6, 2018, and agreed to sign a limited speedy trial waiver, pertaining only to the time between the previous trial date of February 13, 2018 and the new date of March 6, 2018. (Doc. No. 54.) The defendant's signed waiver was entered separately on the docket, as was an Order resetting the trial for March 6. (Doc. Nos. 53, 55.)

On February 12, 2018, Riley, through appointed counsel Lynch, filed a Motion to Dismiss and Motion for Evidentiary Hearing. (Doc. Nos. 59, 60.) On February 13, 2018, Bob Lynch filed a Motion to Withdraw, which was granted. New counsel, James Kevin Cartwright, was appointed. The government then filed a Response in opposition to the Motion to Dismiss, and the defendant filed a Reply. (Doc. Nos. 66, 74.) The government and newly appointed

counsel, in accordance with the court's request (Doc. No. 62), also filed a joint Stipulation of Events Relevant to Speedy Trial ("Stipulation") (Doc. No. 67).

On February 20, 2018, Cartwright requested a status conference, because he had been given notice by his client that he was "fired." (Doc. No. 68.) At the status conference conducted on February 23, 2018, the court granted Riley's request to proceed to trial *pro se* but appointed Cartwright as elbow counsel. (Doc. No. 75.)

Thereafter, the defendant filed his third *pro se* Motion to Dismiss Indictment, along with numerous attachments, in which he again insists that he was not uncooperative, that he was "never called for any testing until Oct. 29th 2017 by anyone" and that he was "tested a matter of 4 ½ hours in 100 days at that facility." (Doc. No. 77-4, at 1.) The documents submitted by the defendant include several messages from the defendant to the warden of the facility where he was held, asking why his evaluation was taking so long. Notably, one message, dated November 22, 2017, asks

> What is going on with phycology [sic] that it is taken [sic] 4 to 6 months to get evaluation here? I have been told I would see my DR LEWIS [sic] yesterday. ITS been over a month since the time before that. . . . All of us here is wondering why 30 day order for evaluation, it is taken [sic] 4 to 6 months for everyone.

(Doc. No. 77-3, at 3.)

## II.    Discussion

In the Motion to Dismiss filed by counsel, the defendant argues that (1) dismissal of the Indictment is required by the Speedy Trial Act ("STA" or "Act"), 18 U.S.C. § 3162(a)(2), because the defendant was not tried within seventy non-excludable days from his arraignment; (2) the thirty-day time limit established in 18 U.S.C. § 4247(b) and set forth in the court's Order granting the Motion for Competency Evaluation should be applied to limit the time for competency proceedings excludable under the Speedy Trial Act; (3) alternatively, the

defendant's constitutionally protected right to a speedy trial under the Sixth Amendment has been violated, which also requires dismissal of the Indictment; and (4) the dismissal should be with prejudice. (Doc. No. 59.)

In response, the government argues that (1) there was no speedy trial violation under the STA, because all of the time from June 1 through December 19, 2017 is "excludable" under the STA, as the time was "used to move forward towards conducting a mental competency examination" (Doc. No. 66, at 1); (2) the court granted two "ends of justice" continuances, making those periods of time excludable; (3) the defendant executed a speedy trial waiver for the time period from February 1 through March 6, 2018; (4) the defendant's Sixth Amendment right to a speedy trial has not been violated, because a ten-month delay between arrest and trial is not uncommonly long; and (5) even if the court finds that the plaintiff's right to a speedy trial has been violated, dismissal with prejudice is not warranted. (Doc. No. 66.) The defendant's Reply refutes many of the government's assertions, most importantly by pointing out that the time for transporting the defendant to FDC Miami for his mental health evaluation far exceeded the amount of time deemed "reasonable" by statute, 18 U.S.C. § 3161(h)(1)(F). (Doc. No. 74.)

Neither party offers a helpful or accurate STA computation. The court nonetheless finds, as discussed below, that, while the delays that have occurred in this case are disgraceful—and the defendant's frustration is entirely understandable—the defendant's right to a speedy trial has not been violated.

A.      **The Speedy Trial Act**

The STA requires that a defendant be brought to trial within seventy days from the date of indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c)(1). The Act also provides a list of pretrial delays that are excludable from the seventy-day period. *Id.* § 3161(h)(1)–(9). If a

defendant is not brought to trial within that time, as extended by the periods excludable under § 3161(h), the indictment "shall be dismissed," either with or without prejudice. 18 U.S.C. § 3162(a)(2). That is, "the Act requires the district court to dismiss the case on the defendant's motion," if the government exceeds the limit of non-excludable days. *United States v. Myers*, 666 F.3d 402, 404 (6th Cir. 2012). Once a defendant makes a *prima facie* showing that more than seventy days have passed since the arraignment and that trial has yet to begin, the government bears the burden of proving sufficient excludable time by a preponderance of the evidence. *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009).

The enumerated periods of delay that "shall be excluded" include, as may be relevant here, any period of "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," *id.* § 3161(h)(1)(A); "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," *id.* § 3161(h)(1)(D); "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," *id.* § 3161(h)(1)(H); and "delay resulting from transportation of any defendant . . . to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date [of] an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable," *id.* § 3161(h)(1)(F).

In addition, any period of delay resulting from the judge's granting of a continuance, on her own or at the request of either party, may be excludable, but only if the judge expressly finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" and explains the reasons for such a finding on the record. *Id.* §

3161(h)(7)(A).

## B.    Section 4247(b)

The defendant, both in his *pro se* motions and in the Motion to Dismiss filed by counsel, argues that § 3161(h)(1)(a) must be read in conjunction with 18 U.S.C. § 4247(b), which provides that the court may "commit a person to be examined for a reasonable period," not to exceed thirty days if the examination is for the purpose of determining whether a defendant is competent to stand trial under 18 U.S.C. § 4241, and not to exceed forty-five days if the person is committed in order to determine, under 18 U.S.C. § 4242, whether he was insane at the time he committed the offense in question. This period may be extended upon application by the "director of the facility" "upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant." *Id.* § 4247(b). The director of FDC Miami never made such application in this case, nor did counsel for either party.[2]

In any event, while it is clear that the defendant's evaluation did not comply with the time limits set out in § 4247(b) and that FDC Miami violated both the statute and the court's directive by failing to make an application for an extension of the commitment period, the Sixth Circuit—along with every other court that has considered the question—has held unequivocally that § 4247(b) does not limit the excludable time period for a competency examination under the STA. *United States v. Tinklenberg* ("*Tinklenberg I*"), 579 F.3d 589, 595–96 (6th Cir. 2009) (citing *United States v. Murphy*, 241 F.3d 447, 456 (6th Cir. 2001)), *aff'd on other grounds*, 563 U.S. 647 (2011).

---

[2] It appears from the defendant's *pro se* filings that Dr. Jorge Luis, the doctor who conducted the defendant's competency evaluation, asked both defense counsel and counsel for the government if one of them would request an extension from the court. (Oct. 20, 2017 email from J. Luis to B. Lynch and L. Deneke, Doc. No. 77-2, at 1.) The doctor's request did not follow the procedure outlined by § 4247(b), and neither party ever asked the court for an extension.

### C.     STA Computation

The defendant was indicted on May 17, 2017 and made his initial appearance on May 19, 2017. Based on 18 U.S.C. § 3161(c)(1), the seventy-day period for commencing trial began to run on that day. It ran for five days until it was tolled beginning on May 25, 2017, when the defendant filed his Motion for a Competency Evaluation. (Doc. No. 25.) The court granted that motion on June 1, 2017. (Doc. No. 21.) Under § 3161(h)(1)(D), the entire time from the filing of the motion through the court's disposition of the motion is excluded from the time computation.[3]

The June 1, 2017 Order also expressly directed the United States Marshals Service to transport the defendant to the institution designated by the BOP for evaluation. The defendant actually arrived at the facility designated by the BOP—FDC Miami—on August 14, 2017.[4] (Doc. No. 67, at 2.) Under § 3161(h)(1)(F), "delay resulting from transportation . . . to and from places of examination" is excludable, "except that any time consumed in excess of ten days from the date [of] an order directing such transportation . . . shall be presumed to be unreasonable."

Moreover, "in the absence of rebutting evidence to explain the additional delay, [any] extra time is not excludable." *United States v. Turner*, 602 F.3d 778, 782 (6th Cir. 2010) (citation omitted); *see also United States v. Tinklenberg* ("*Tinklenberg II*"), 563 U.S. 647, 660–63 (2011)

---

[3] The Sixth Circuit has expressly noted that "the plain language of the statute mandates excluding the days on which motions are filed and resolved." *Tinklenberg I*, 579 F.3d at 594–95.

[4] The fact that the BOP did not designate the facility until June 8 is irrelevant and did not serve to extend the time considered "reasonable" for transporting the defendant to that facility. *See United States v. Turner*, 602 F.3d 778, 784 (6th Cir. 2010) ("The statute says nothing about the designation of a specific institution; it refers only to the 'transportation of any defendant . . . to and from places of examination or hospitalization,' and starts counting days on "the date . . . [of] an order directing such transportation.' The June 8 order direct[s] the United States Marshal to conduct the transportation . . . of the defendant . . . , which qualifies as an 'order directing . . . transportation,' even if it speaks only of transportation to a Federal Medical Center, not a specific facility." (quoting 18 U.S.C. § 3161(h)(1)(F); some internal quotation marks and citations to the record omitted)).

(finding a speedy trial act violation based on its exclusion of ten of the twenty days it took to transport the defendant to his mental competency examination, under § 3161(h)(1)(F)). In this case, the ten-day period following the order directing transportation expired on June 11, 2017. The government makes no attempt to explain any delay in excess of that ten days, so the STA clock began running again at that time.

Another sixty-three days elapsed before the defendant arrived at FDC Miami.[5] However, four days of excludable time, from July 17, 2017 through July 20, 2017, while the defendant's first Motion to Continue was pending, fell within that time period. Thus, by the court's calculation, a total of sixty-four of the seventy days allotted by the STA for commencing trial had expired by the time the defendant arrived at FDC Miami, including the five days following arraignment and excluding the seven days during which the Motion for Competency Examination was pending, the ten days following entry of the Order directing the defendant's transportation, and the four days when the first Motion to Continue was pending.

The government argues that the court granted an "ends of justice" continuance on July 20, as a result of which the time period following the court's granting of the Motion to Continue through the defendant's arrival at FDC Miami is excludable as well, under § 3161(h)(7)(A). As indicated above, however, for that provision to apply, the court must set forth, "in the record, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweighed the best interests of the public and the defendant in a speedy trial." *Id.* Here, the court entered a margin order on July 20, 2017 that stated, in its entirety: "Motion GRANTED conditioned upon the timely filing of a waiver of speedy trial." (Doc. No. 23.) The

---

[5] The government's argument that the entire time between June 1, 2017, when the court granted the motion for a mental competency evaluation, and December 19, 2017, when the Forensic Evaluation was entered on the docket, is excludable completely disregards binding Supreme Court precedent.

court has never made a finding that the ends of justice were served by the granting of a continuance at that time and, instead, required the filing of a speedy trial waiver—which was never filed. The statute therefore does not countenance the exclusion of any time in addition to that between the filing and the resolution of the pretrial Motion to Continue. *See Zedner v. United States*, 547 U.S. 489, 506–07 (2006) (making it clear that, when a court grants an ends-of-justice continuance, it must set forth its reasons for doing so on the record, preferably at or near the time of granting the continuance and, in any event, no later than the ruling on a motion to dismiss under § 3162(a)(2)).

The parties agree that the competency evaluation concluded on November 22, 2017. The written Forensic Evaluation completed by Dr. Jorge Luis was signed on December 6, 2017. It was matched with a cover letter from the Warden of FDC Miami to the court dated December 8, 2017 but, for unknown reasons, was not received by the court until December 19, 2017. It was filed that day. (Doc. No. 36.) On the same date, the court entered an order finding the defendant competent to stand trial and rescheduling the trial to begin on February 13, 2017. The parties also agree that Riley was returned to the custody of the United States Marshals Service on December 21, 2017.

There is no good explanation in the record for why it took three months from the time the defendant arrived at FDC Miami to conduct a competency evaluation that involved, according to the written Forensic Evaluation itself, no more than about six hours of interviews with the defendant. (*See* Doc. No. 36, at 4.) Nor is there any explanation for why it took a month from the date the competency evaluation was concluded to submit the Forensic Evaluation to this court. Regardless, the law is clear that the entire time period from August 14, 2017 through December 19, 2017 is excludable under 18 U.S.C. § 3161(h)(1)(A). *See Tinklenberg I*, 579 F.3d at 596

("[A]ll delays caused by proceedings to determine a defendant's competency are excluded, except for the time during which the defendant is supposed to be in transit, which is presumptively unreasonable if longer than ten days."); *accord United States v. Patterson*, 872 F.3d 426, 434 (7th Cir. 2017) ("[T]hose circuits that have considered it have uniformly concluded that the period excluded under section 3161(h)(1)(A) runs, at minimum, from the filing of the defendant's motion for a competency evaluation through the date of the competency hearing." (collecting cases)); *United States v. Graves*, 722 F.3d 544, 547 (3d Cir. 2013) ("The plain language of the Act therefore indicates that the excludable delay under § 3161(h)(1)(A) continues beyond the completion of the Bureau of Prisons competency report" until the court issues an order finding the defendant competent); *United States v. Stephens*, 489 F.3d 647, 653 (5th Cir. 2007) (affirming the district court's determination that a defendant's motion for a competency evaluation "stopped the clock from the date it was filed" "through the date the court ruled that [the defendant] was competent to stand trial").

Following entry of the Order finding the defendant competent on December 19, 2017 (Doc. No. 35), the government again had ten days within which to transport the defendant back to this jurisdiction. 18 U.S.C. § 3161(h)(1)(F). The STA clock thus remained tolled at least through December 29, 2017.

At that point, however, the defendant's first *pro se* Motion to Dismiss Indictment (Doc. No. 31), filed on December 7, 2017, becomes relevant. That motion remained pending as of December 29, 2017 and remains pending to this day. Under § 3161(h)(1)(D), the time between the filing of a "*any* pretrial motion" and its resolution is excludable. *Tinklenberg II*, 563 U.S. at 650, 660; *see also Henderson v. United States*, 476 U.S. 321, 326–27 (1986) ("[S]ubsection (F) [now (D)] does not require that a period of delay be 'reasonable' to be excluded."). Moreover,

those courts that have considered the matter directly have held that *pro se* motions, even frivolous motions filed *pro se* by represented defendants, fall within the purview of § 3161(h)(1)(D) and serve to suspend the running of the speedy trial clock. *See, e.g.*, *United States v. James*, No. 15-1654, No. 16-2197, 2017 WL 4271117, at *8 (3d Cir. Sept. 27, 2017) (rejecting the defendant's claim that his numerous *pro se* pretrial filings were not sufficiently formal to constitute "motions" that would stop the speedy trial clock); *United States v. Williams*, 557 F.3d 943, 951 (8th Cir. 2009) ("The statute is crystal clear: § 3161(h)(1)(F) excludes 'delay resulting from *any* pretrial motion . . . .' (emphasis supplied). Nowhere does the statute distinguish between *pro se* motions and motions filed by counsel, or between meritorious and frivolous motions."); *United States v. Stephens*, 489 F.3d 647, 653 & n.9 (5th Cir. 2007) (*pro se* motion filed by represented defendant tolled speedy trial clock). Thus, because the defendant's *pro se* Motion to Dismiss Indictment was still pending at the time, the speedy trial clock did not restart on December 30, 2017.[6]

Section 3161(h)(1)(H) provides, *in addition*, that the "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding"—including a motion—"is actually under advisement by the court" is excludable. In this case, the December 7, 2017 *pro se* motion remained pending and was not actually under advisement at the time the defendant filed his second Motion to Dismiss Indictment (Doc. No. 40) and Motion for Independent Mental Examination (Doc. No. 41) on January 10, 2018. These motions also had the independent effect of tolling the running of the statutory period. Counsel for the defendant filed his Motion to Dismiss on February 12, 2018. That motion, once it was fully briefed, has actually been under

---

[6] The irony of this situation has not escaped the court. If the defendant had *not* filed a *pro se* Motion to Dismiss the Indictment on December 7, 2017, arguing that his right to a speedy trial had been violated, the seventy-day period under the Act would have expired on or about January 4, 2018.

advisement by the court since February 20, 2018, arguably along with the defendant's various *pro se* Motions to Dismiss. This Memorandum and Order, addressing the pending motions, is being entered within thirty days of those motions' being taken under advisement, meaning that, under § 3161(h)(1)(H), the STA clock remains tolled through today's date.[7]

The clock would start running again from the date this Memorandum and Order is docketed, except that the defendant has expressly waived the speedy trial time running from the previously scheduled trial date of February 13, 2018 through the currently scheduled date of March 6, 2018. In sum, the speedy trial clock stopped at sixty-four days, when the defendant arrived at FDC Miami on August 14, 2018 and has not started running again since that time. The defendant's right to a speedy trial under 18 U.S.C. § 3161(c)(1) has not been violated. Dismissal of the Indictment under § 3162(a)(2) is not warranted.

### D.      Sixth Amendment Right to a Speedy Trial

The Sixth Amendment "guarantees that, '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . .'" *Doggett v. United States*, 505 U.S. 647, 651 (1992) (quoting U.S. Const. amend. VI). Although the "Speedy Trial Clause is written with such breadth that, taken literally, it would forbid the government to delay the trial of an 'accused' for any reason at all," case law has "qualified the literal sweep of the provision by specifically recognizing the relevance of four separate enquiries," *id.*, now known as the *Barker* factors: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right

---

[7] Even if § 3161(h)(1)(D) and (h)(1)(H), construed together, meant that only the thirty days following the filing of the defendant's *pro se* motion were excludable, since no hearing was held on the motion, that thirty-day period would not have expired until January 5, 2018, at which time six days remained on the defendant's speedy trial clock. Only four of those six days passed before the defendant filed his second *pro se* Motion to Dismiss Indictment on January 10, again tolling the clock.

to a speedy trial, and whether he suffered prejudice as the delay's result." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The first factor, length of delay, is a "triggering mechanism." *United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007). "[I]f the delay is not uncommonly long, judicial examination ceases." *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003); *see Doggett*, 505 U.S. at 652 ("[B]y definition, [a defendant] cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness."). In the Sixth Circuit, "[a] one-year delay is presumptively prejudicial and triggers analysis of the remaining *Barker* factors." *United States v. Sutton*, 862 F.3d 547, 559 (6th Cir.), *cert. denied*, 138 S. Ct. 461 (2017).

In this case, less than ten months has passed since the defendant was arrested and detained. The court finds that the period of time is not sufficiently long to warrant analysis under the *Barker* factors. The defendant's Sixth Amendment right to a speedy trial has not been violated.

## III.    Conclusion and Order

Because no evidentiary hearing is required, the defendant's Motion for Evidentiary Hearing (Doc. No. 60) is **DENIED**.

For the reasons explained herein, the Motions to Dismiss filed by counsel and by the defendant (Doc. Nos. 31, 40, 59, 77) are **DENIED**.

The defendant's Motion to Squash (Doc. No. 57) is **GRANTED**, and the Motion for Independent Mental Examination (Doc. No. 41) is **TERMINATED** in accordance with the defendant's request.

It is so **ORDERED**.

ENTER this 1st day of March 2018.

_____
ALETA A. TRAUGER
United States District Judge